1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANTAGRAPHICS BOOKS, INC., | CASE NO. C21-cv-00802-LK |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| EMIL FERRIS, | |
| Defendant. | |

1.  <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, the parties

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

protection on all disclosures or responses to discovery, the protection it affords from public

disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles, and it does not presumptively entitle

parties to file confidential or AEO information under seal.

2.      "CONFIDENTIAL" MATERIAL

        "Confidential" material shall include the documents and tangible things produced or otherwise exchanged that contain: (a) trade secrets; competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) private or confidential personal information; (c) information received in confidence from nonparties, or (d) information the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3.      "ATTORNEYS' EYES ONLY" OR "AEO" MATERIAL

        Any party to this litigation and any nonparty shall have the right to designate as "Attorneys' Eyes Only" ("AEO") and subject to this Order any information, document, or thing, or portion of any document or thing, that contains highly sensitive business or personal information (or could directly lead to the extrapolation of highly sensitive business or personal information), the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  If only a portion or part of a document or thing contains such AEO content, only that portion or part will be so designated.

        At the request of Defendant Ferris, Plaintiff Fantagraphics has agreed to enable and expedite a full immediate audit by KPMG of its records relating to the book that is the subject of this case on the condition that the proprietary and competitively sensitive terms of its business relationships with its distributors, which terms apply generally to all of Fantagraphics' books and are not specifically addressed to the book that is the subject of this case, be designated as "AEO" for the purposes of that audit.  Ms. Ferris disputes the propriety of that designation but has agreed not to challenge it pending the results of the audit, it being agreed that if the results of the audit place those AEO terms at issue in this litigation she may then challenge that designation in accordance with the provisions of Paragraph 8 this Order.

1    Ms. Ferris has advised Fantagraphics that she currently foresees that she will limit her

2    AEO designations to her draft of MFTIM Book 2, should that draft or any portion of it constitute

3    discoverable material. Fantagraphics states that it will immediately challenge, through motion if

4    necessary, any such designations.

5    The parties acknowledge that AEO-designated material produced by Fantagraphics will

6    be provided to Ms. Ferris's auditors at KPMG who may use such material in its audit (ordered by

7    Ms. Ferris) of Fantagraphics.  If KPMG's report or other communications to Ms. Ferris or her

8    counsel could reveal or lead to the revelation of the specific AEO-designated material, the

9    communication will be marked "CONFIDENTIAL:  ATTORNEYS' EYES ONLY."  KPMG

10   will create a redacted version of the communication with the specific AEO-designated material

11   redacted. The redacted version of the communication will be marked "CONFIDENTIAL."  The

12   parties further agree that both versions (if two versions are necessary) of the auditors' report

13   shall be provided to Fantagraphics' counsel simultaneously with the delivery thereof to Ms.

14   Ferris' counsel but KPMG will provide only the redacted version to Ms. Ferris.  Except as

15   provided above, both parties reserve all rights to challenge AEO designations in accordance with

16   the provisions of Paragraph 8 of this Order.

17   4.    "PROTECTED" MATERIAL

18   Material that is CONFIDENTIAL or ATTORNEYS EYES ONLY as defined above.

19   5.    SCOPE

20   The protections conferred by this agreement cover not only confidential or AEO material

21   (as defined above), but also (1) any information copied or extracted from confidential or AEO

22   material; (2) all copies, excerpts, summaries, or compilations of confidential or AEO material;

23   and (3) any testimony, conversations, or presentations by parties or their counsel that might

24   reveal confidential or AEO material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles. A receiving party may use PROTECTED material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. PROTECTED material may be disclosed only to the categories of persons and under the conditions described in this agreement. PROTECTED material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the receiving party, including its officers, directors, and employees (including in house counsel) to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is ATTORNEYS' EYES ONLY and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

1    instructs the service not to disclose any AEO material to third parties and to immediately return

2    all originals and copies of any AEO material;

3              (f)      during their depositions, witnesses in the action to whom disclosure is

4    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5    (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

6    transcribed deposition testimony or exhibits to depositions that reveal confidential material must

7    be separately bound by the court reporter and may not be disclosed to anyone except as permitted

8    under this agreement;

9              (g)      the author or recipient of a document containing the information or a

10   custodian or other person who otherwise possessed or knew the information.

11        6.3     Disclosure of "ATTORNEYS EYES ONLY" Information or Items. Unless

12   otherwise ordered by the court or permitted in writing by the designating party, a receiving party

13   may disclose any AEO material only to:

14             (a)      the receiving party's counsel of record in this action, as well as employees

15   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

16             (b)      experts and consultants to whom disclosure is reasonably necessary for

17   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

18   A);

19             (c)      the court, court personnel, and court reporters and their staff;

20             (d)      copy or imaging services retained by counsel to assist in the duplication of

21   AEO material, provided that counsel for the party retaining the copy or imaging service instructs

22   the service not to disclose any AEO material to third parties and to immediately return all

23   originals and copies of any AEO material;

24

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including but not limited to during that person's deposition.

Notwithstanding the above, is understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of AEO material, provided that such advice and opinions shall not reveal the content of such AEO material except by prior written agreement of counsel for the designating party or by order of the Court.

If any expert witness reports or papers filed with the Court cite AEO material, the designating party must provide the receiving party's counsel a version of the document that redacts only the AEO material, so that document may be shared with the receiving party.

6.4    <u>Filing Protected Material</u>. Before filing PROTECTED material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or AEO designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or AEO information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

7.    DESIGNATING PROTECTED MATERIAL

      7.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

      If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

      7.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.,* second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

          (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the designation "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," as appropriate, to each page that contains confidential or AEO material.

          (b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after

receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or AEO. If a party or non-party desires to protect confidential or AEO information at trial, the issue should be addressed during the pre-trial conference.

        (c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate.

     7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

8.     <u>CHALLENGING CONFIDENTIALITY / AEO DESIGNATIONS</u>

     8.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of PROTECTED material at any time. Unless a prompt challenge to a designating party's confidentiality or AEO designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality or AEO designation by electing not to mount a challenge promptly after the original designation is disclosed.

     8.2    <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential or AEO designations without court involvement. Any motion regarding confidential or AEO designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court

action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

        8.3    <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 14 days after the parties' meet and confer. If the designating party does not so move with regard to any challenged documents, those documents will be downgraded.  On a motion to preserve the designation, the burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

9.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u> <u>LITIGATION</u>

        If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that party must:

             (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

             (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

             (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed PROTECTED material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all PROTECTED material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>January 24, 2022</u>                 <u>/s Ken Norwick</u>
                                                                    Attorneys for Plaintiff / Counter-Defendant

DATED: <u>January 20, 2022</u>                 <u>/s/ Lauren Watts Staniar</u>
                                                                    Attorneys for Defendant / Counter-Plaintiff


PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.


Dated this 25th day of January, 2022.


_____
Lauren King
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Fantagraphics, Inc. v. Emil Ferris*, No. 2:21-cv-00802-JCC. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER - 12