NORWICK & SCHAD
ATTORNEYS AT LAW

110 EAST 59ᵀᴴ STREET
NEW YORK, NEW YORK 10022

(212) 751-4440
FAX: (212) 980-9391

E-MAIL: KEN@NORWICKSCHAD.COM
WEBSITE: WWW.NORWICKSCHAD.COM

June 27, 2022

(BY ECF)
Hon. Lauren King
United States District Judge
United States District Court
    For the Western District of Washington
700 Stewart Street
Seattle, WA 98101

Re: Fantagraphics Books, Inc. v. Ferris, 2:21-cv-00802-LK

Dear Judge King:

Along with local counsel Judy Endejan, I represent (pro hac vice) Plaintiff Fantagraphics Books, Inc., in this action that involves several disputes flowing from a 2016 Publishing Agreement between it and the Defendant Emil Ferris. Today I received notice that the defendant's (prior) lead lawyer, Judy Jennison, has just withdrawn from the case, to be replaced by new counsel, but I believe if anything that development reinforces the need for and timeliness of the (limited) requests in this letter. On December 13, 2021 the parties submitted (to Judge Coughenour) a Joint Status Report (Document No. 20) which provides a full statement of the background of the case. On December 14, 2021, Judge Coughenour entered an order containing discovery and other deadlines. (Docket No. 21)   On April 5, 2022, Your Honor entered an order revising certain deadlines in the case. (Docket No. 25)

I write now to respectfully request that the Court schedule a brief telephone or Zoom "scheduling" conference with counsel at which the Court can address a) the parties' request for an extension of current discovery and other deadlines and b) the need for a briefing schedule to enable the parties to present their positions on the numerous discovery matters that will require judicial intervention. I do not request that any other relief be considered at the proposed "scheduling" conference.

Discovery began in January and at this point the defendant (working with the accounting firm KPMG) has largely completed her extensive financial discovery of the plaintiff. However, it became clear that the parties had major discovery disputes, which they could not resolve, concerning the scope and specifics of discovery. Beginning in about April, they agreed that a (complicated) negotiated resolution of the case was possible and much to be preferred to further

Hon. Lauren King
June 27, 2022
Page Two

extensive litigation.  To pursue that goal, the parties agreed to largely defer further discovery (and the inevitable motion practice) while they intensively pursued that possible settlement, although just last week such a settlement ultimately proved unattainable.  Both sides (at least the defendant's prior counsel and I) agreed that the current Court deadlines should be extended to allow them to complete the (deferred) discovery in a coherent and efficient way.

If the Court sets the requested "scheduling" conference, the date for which should certainly take into account the change of lawyers for the defendant, and then extends current deadlines and sets the requested briefing schedule, the parties will file their submissions in accordance with that schedule.  For now, I will just mention here the major issues that (as currently understood) will require briefing and judicial resolution: a) updating the parties' pleadings (some claims have informally (and non-specifically) been "dropped" and others revised); b) the defendant's stated intention to withhold non-privileged discoverable documents; c) the applicable protocols for ESI production; d) whether depositions will be in-person or remote; and e) the legal status of the KPMG "audit," including its "confidentiality" designation.

We thank the Court for its consideration of this letter and will be happy to provide whatever further information the Court may request.

Respectfully submitted,

Kenneth P. Norwick

cc: All counsel of record (by ECF)
    Marc H. Greenberg (by email)

P.S.  In addition to the counsel currently of record, a copy of this letter is also being sent by email to Marc H. Greenberg, who we understand will become lead counsel for the defendant.

K.P.N.