THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

FANTAGRAPHICS BOOKS, INC.,

    Plaintiff,

    v.

EMIL FERRIS,

    Defendant.

---

EMIL FERRIS,

    Counter-Claimant,

    v.

FANTAGRAPHICS BOOKS, INC.,

    Counter-Defendant.

---

2:21-cv-0082 - LK

FANTAGRAPHICS' SURREPLY TO FERRIS' MOTION TO STRIKE THE GROTH DECLARATION

---

FANTAGRAPHICS' SURREPLY TO FERRIS'
MOTION TO STRIKE GROTH DECLARATION - 1
2:21-cv-00802 -LK

Endejan Law, LLC
5109 23rd Ave. W.
Everett, WA 98203

Pursuant to Local Rule 7.(g), Plaintiff Fantagraphics Books, Inc. ("Fantagraphics") respectfully submits this surreply to the in-brief motion (Dkt 38) of Defendant Emil Ferris ("Ferris") to strike in its entirety the Declaration of Gary Groth ("Groth Declaration"; Dkt 36 and 37) submitted in opposition to Ferris' motion for partial summary judgment dismissing as a matter of law Fantagraphics' Complaint for a Declaratory Judgment (Dkt 33, "PSJ Motion"). This is Ferris' own summary of her motion to strike (Dkt 38, p. 8):

> [The Court] should strike the [Groth] Declaration . . ., which amounts to a 20-page attempt to prove that "Book" means "Books." The Court should also strike that declaration because it violates 28 U.S.C. § 1746; it relies on documents that it does not attach, let alone authenticate; and because it is filled with hearsay.

Fantagraphics will respond below to each of those asserted bases for Ferris' motion to strike.

The sole issue presented by Ferris' PSJ Motion is whether as a matter of law the word "Book" in the parties' Publishing Agreement has "only one reasonable" "meaning" – i.e., a book published in only one volume – or whether the word "Book" in the Agreement can also reasonably be understood to mean a book published in two (or more) volumes. Fantagraphics asserts the latter interpretation and, as essentially required by the governing law – see Hearst: "extrinsic evidence may be used only to determine the meaning of specific words in the agreement," 154 Wn.2d at 509) and Fairhaven: "such evidence is admissible regardless of whether the contract is ambiguous," 2021 U.S. Dist. LEXIS 241794 at *24 – Fantagraphics submitted the Groth Declaration to provide "extrinsic evidence" for the Court's consideration in adjudicating that meaning-of-the-word-"Book" issue. Because Ferris has provided no discovery, that "extrinsic evidence" is necessarily derived almost entirely from Fantagraphics' own files and the contents of Ferris' pleadings in the case.

1. "'Book' Means 'Books'"

Ferris' first ground for her motion to strike is that the Groth Declaration assertedly seeks

FANTAGRAPHICS' SURREPLY TO FERRIS'  
MOTION TO STRIKE GROTH DECLARATION - 2  
2:21-cv-00802 -LK

Endejan Law, LLC  
5109 23rd Ave. W.  
Everett, WA 98203

"to prove" that the word "Book" in the Agreement "means 'Books.'" But nowhere in the Groth Declaration (or in our separate Response or elsewhere) is there a hint of any such proposition by Fantagraphics. Indeed, exactly to the contrary, Fantagraphics consistently treats the word "Book" in the singular and consistently contends that that (singular) word can have more than one reasonable meaning – <u>i.e.</u>, published "in one volume" or published "in two or more volumes." And on that issue, Ferris does not even try to refute Fantagraphics' contention, leaving the contention entirely undisputed. Which, we submit, is sufficient alone – even without reference to the Groth Declaration – to compel the denial of Ferris' PSJ motion. Contrary to the holdings of <u>Hearst</u> and <u>Fairhaven</u> quoted above, Ferris mistakenly argues that the "parol evidence rule" somehow requires that the entire Groth Declaration be struck. The argument is exactly backwards.

2.  <u>Alleged Violation of 28 U.S.C. §1746</u>

The introductory line to the Groth Declaration states that its contents are declared "under penalty of perjury." Further, Paragraph 3 of the Declaration states in part (emphasis added)

> The relevant underlying facts are largely set forth in Fantagraphics' Complaint (Dkt 1) and its Reply to Ferris' Counterclaims (Dkt 18/19). In this Declaration I will in large part reiterate the substance of, but not necessarily verbatim, relevant provisions in those pleadings, but here with the addition that <u>I am personally swearing to the truth thereof under oath and under penalty of perjury, all based on my own personal knowledge.</u>

We acknowledge that the Declaration does not also state <u>in haec verba</u> that its contents are "true and correct." However, we submit that what the Declaration does assert with respect to its contents (quoted above) substantially complies with the requirements of §1746, and thus does not violate it. Further, 1) we represent to the Court that the omission of "true and correct" from the Declaration was inadvertent and did not constitute an attempt to evade an affirmative assertion that the contents of the Declaration are "true and correct," and 2) we offer to file with the Court, essentially <u>nunc pro tunc</u>, the following two-sentence Declaration by Groth: "I declare under

FANTAGRAPHICS' SURREPLY TO FERRIS'  
MOTION TO STRIKE GROTH DECLARATION - 3  
2:21-cv-00802 -LK

Endejan Law, LLC  
5109 23rd Ave. W.  
Everett, WA 98203

penalty of perjury that the following is true and correct: I intended my prior Declaration in this case to assert that its contents are 'true and correct' and the omission thereof was inadvertent."

3. Lack of "Authentication" and Alleged "Hearsay"

Ferris' PSJ motion provides no occasion for "fact finding" or for the formal proffer and admission of evidence. At least as here challenged, the Groth Declaration, based on his own personal knowledge, consists of excerpts from emails that he personally received and/or sent. As such, 1) his own ("under penalty of perjury") assertion of his receipt or sending of those emails provides whatever "authentication" thereof may be required at this stage of the case and there is no need to attach copies (see, e.g., Weitman v. Weitman, 201 U.S. Dist. LEXIS 178159, ¶46 (D.Or. 2013), and 2) because he is only presenting excerpts from emails he received or sent, there is nothing "hearsay" about them. Also, statements by opposing parties and/or their agents are exceptions to hearsay exclusion: see, e.g., FRE 801(d)(2); Transbay Auto Serv. v. Chevron USA Inc., 807 F.3d 1113, at 1118-1119 (9th Cir. 2015) and Satanic Temple, Inc. v. City of Scottsdale, 856 Fed. Appx. 724, 727 (9th Cir.2015) (unpublished). Further, most of the excerpts from the emails he received were previously quoted in Fantagraphics' Complaint and Ferris never disputed their "authenticity" or complained of "hearsay." (See, e.g., FRCP 12(f)) Indeed, Ferris actually admitted in her Answer (at ¶9) that the Bemiss Announcement – which states that the Publishing Agreement provides that Ferris' book MY FAVORITE THING IS MONSTERS would be published by Fantagraphics "in 2 volumes" – "speaks for itself," thus conceding both its authenticity and admissibility. Finally, nowhere in her Declaration (Dkt 34) does Ferris question the authenticity or accuracy of anything quoted in the Groth Declaration, which she surely would have done if she thought doing so appropriate.

The motion to strike should be denied.

FANTAGRAPHICS' SURREPLY TO FERRIS'
MOTION TO STRIKE GROTH DECLARATION - 4
2:21-cv-00802 -LK

Endejan Law, LLC
5109 23rd Ave. W.
Everett, WA 98203

1  Dated: August 2, 2022

2                      Respectfully submitted,

3                      s/ Kenneth P. Norwick
                     *Pro Hac Vice*

4                      NORWICK & SCHAD
                     110 E 59th Street

5                      New York, NY 10022
                     212-751-4440

6                      Email: ken@norwickschad.com

7                      Judith A Endejan
                     ENDEJAN LAW LLC

8                      5109 23rd Avenue W.
                     Everett, Wa 98203

9                      206-799-4843
                     Email: jendejan@gmail.com

10

11                     Attorneys for Plaintiff
                         Fantagraphics Books, Inc.

25  FANTAGRAPHICS' SURREPLY TO FERRIS'           Endejan Law, LLC
26  MOTION TO STRIKE GROTH DECLARATION - 5        5109 23rd Ave. W.
    2:21-cv-00802 -LK                                          Everett, WA 98203