UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANTAGRAPHICS BOOKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMIL FERRIS, <br><br> Defendant. | CASE NO. C21-00802-LK <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on Emil Ferris's motion for partial summary judgment. Dkt. No. 33. Fantagraphics Books, Inc., a Seattle publisher, published Ferris's book entitled My Favorite Thing Is Monsters in 2017. Dkt. No. 2 at 1. The parties now disagree about whether Fantagraphics is entitled to publish "Book 2" of Monsters under the parties' 2016 publishing agreement.

Fantagraphics filed its lawsuit in this Court seeking a declaratory judgment that it is entitled to publish "Book 2" of Monsters. Dkt. No. 2 at 11. Ferris counterclaimed for breach of contract, breach of the covenant of good faith and fair dealing, and for a declaratory judgment that the publishing agreement covers only "Book 1." Dkt. No. 15 at 13–31.

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

Before the Court can rule on the motion for partial summary judgment, it must have subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The pleadings are vague and potentially contradictory on this point. Fantagraphics' complaint states that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and the Declaratory Judgment Act, 28 U.S.C. §2201." Dkt. No. 2 at 2. Answering the complaint, Ferris admits that the Court has jurisdiction but appears to deny that it is based on diversity. Dkt. No. 15 at 4 ("Ms. Ferris admits that this Court has jurisdiction over this action. Except as expressly admitted, Ms. Ferris denies the remaining allegations in paragraph 7."). To establish subject matter jurisdiction over her counterclaims, Ferris states that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 1331." Dkt. No. 15 at 13. Answering Ferris' counterclaims, Fantagraphics "denies that this Court has 'case or controversy' jurisdiction over Ferris' Counterclaims but otherwise admits the allegations in Paragraph 4." Dkt. No. 18 at 20.[1]

Although both parties rely on the Declaratory Judgment Act, 28 U.S.C. § 2201, to establish subject matter jurisdiction, it does not. "It is well settled that the Declaratory Judgment Act 'does not itself confer federal subject matter jurisdiction,' but merely provides an additional remedy in cases where jurisdiction is otherwise established." *Staacke v. U.S. Sec'y of Lab.*, 841 F.2d 278, 280 (9th Cir. 1988) (internal citation omitted) (quoting *Fidelity & Casualty Co. v. Reserve Ins. Co.,* 596 F.2d 914, 916 (9th Cir. 1979)). And while Ferris claims that subject matter jurisdiction over her counterclaims rests on 28 U.S.C. § 1331, neither party asserts a federal claim.

That leaves diversity jurisdiction as the only possible source of jurisdiction. The complaint alleges that the parties are diverse. Dkt. No. 2 at 2 (Ferris is a citizen of Illinois and Fantagraphics

---

[1] Fantagraphics has not moved to dismiss or for summary judgment based on lack of standing or any other basis, and the deadline to file dispositive motions has passed. Dkt. No. 21.

is a Washington corporation with its principal place of business in this district). But none of the pleadings alleges an amount in controversy or sufficient information from which the Court could infer that amount, *see* Dkt. Nos. 2, 15, 18, even though the amount in controversy is normally determined from the face of the pleadings. *See, e.g., Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F. 2d 362, 363 (9th Cir. 1986). Absent that information, the Court cannot "'properly exercise diversity jurisdiction'" over the parties' claims. *Rilling v. Burlington Northern R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (quoting *Citizen's Comm. to Save the Land Grant Railroads v. Burlington N., Inc.*, 708 F.2d 1430, 1435 (9th Cir. 1983)); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (in actions seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation.").

Because the pleadings do not establish that the Court has subject matter jurisdiction over the complaint or the counterclaims, the parties are requested to file a joint brief addressing that issue by August 12, 2022. The joint brief must not include footnotes or exceed 10 pages in length.

Dated this 3rd day of August, 2022.

Lauren King
United States District Judge

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 3